IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 1:21-cv-01593-KLM

HASSAN YAWER,

    Plaintiff,

v.

CORNERSTONE HOME LENDING, INC.,

    Defendant.

## MOTION TO DISMISS

Defendant Cornerstone Home Lending, Inc. ("Defendant"), pursuant to Fed. R. Civ. P. 12(b)(6), hereby submits its motion to dismiss Plaintiff Hassan Yawer's ("Plaintiff") Complaint in its entirety, and states as follows:

### STANDARD

Under Rule 12(b)(6) a court may dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "In deciding a motion under Rule 12(b)(6), the court must accept as true all well-pleaded factual allegations ... and view these allegations in the light most favorable to the plaintiff." Jurgensen v. Hamalian, 2019 WL 3291761, at *2 (D. Colo. Mar. 7, 2019), report and recommendation adopted, 2019 WL 2521677 (D. Colo. June 18, 2019) (citations omitted). "A plaintiff may not rely on mere labels or conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (citations omitted). "Rather, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (citations omitted). "To state a claim that is plausible on its

face, a complaint must sufficiently allege facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." Id. (citations omitted).

## ARGUMENT

Plaintiff does not identify a specific cause of action, but courts will generally "liberally construe [a] complaint to discern a relevant legal theory" in the case of a *pro se* plaintiff. Benton v. Town of S. Fork, 587 F. App'x 447, 454 (10th Cir. 2014). Based on the facts pleaded, Plaintiff appears to be asserting a claim for common law negligence ("mortgage company neglected to inform me of a detailed automatic setup for mortgage payments") and violation of the Fair Credit Reporting Act ("FCRA") ("mortgage company determined I am at fault and damaged my credit"). [Doc. #1-2, p. 3]. For the reasons stated herein, Plaintiff fails to state a claim for either of these causes of action.

**A.     There is no duty owed to Plaintiff by Defendant and therefore Plaintiff fails to state a claim for common law negligence**.

Under Colorado law, the elements of a common law negligence claim are "the existence of a legal duty by the defendant to the plaintiff, breach of that duty by the defendant, injury to the plaintiff, and a sufficient causal relationship between the defendant's breach and the plaintiff's injuries." Donna v. Countrywide Mortg., 2015 WL 9456325, at *6 (D. Colo. Dec. 28, 2015). The initial question in any negligence action is "whether the defendant owed a legal duty to protect the plaintiff against injury." Id. "A negligence claim will fail if it is predicated on circumstances for which the law imposes no duty of care upon the defendant." Id. (citations omitted). "The issue of legal duty is a question of law to be determined by the court." Id. (citations omitted).

2

Here, Plaintiff is a borrower on a mortgage loan and Defendant is his mortgage lender. It is well-established that "in the absence of special circumstances . . ., the relationship between a lending institution and its customer is that of debtor and creditor." Id. (citing Wells Fargo Realty Advisors Funding, Inc. v. Uioli, Inc., 872 P.2d 1359, 1365 (Colo. App. 1994)). Plaintiff's allegations do not allege any activities taken outside the course of a normal lender-borrower relationship, and as such no duty of care has arisen between the parties. Id. (citing Premier Farm Credit, PCA v. W-Cattle, LLC, 155 P.3d 504, 523 (Colo. App. 2006)); see also Van Romburgh v. Nationstar Mortg. LLC, 2019 WL 12249008, at *6 (D. Colo. Nov. 21, 2019), report and recommendation adopted sub nom. Romburgh v. Nationstar Mortg. LLC, 2019 WL 12249009 (D. Colo. Dec. 31, 2019). There is no duty of care owed to Plaintiff by Defendant, and any claim for common law negligence fails as a matter of law.

**B.      Plaintiff fails to state a claim under FCRA**.

Plaintiff has not alleged that he followed any of the procedures required to trigger a duty to Defendant to act on its credit reporting on his account. The FCRA imposes a duty on persons who provide information to credit reporting agencies ("furnishers") to accurately report information. Sanders v. Mountain Am. Fed. Credit Union, 689 F.3d 1138, 1147 (10th Cir. 2012) (citing 15 U.S.C. § 1681s–2(a)). "If a furnisher receives a notice of a dispute from a credit reporting agency, it must perform certain verification and correction duties." Beck v. Am. Honda Fin. Corp., 2020 WL 5422756, at *2 (D. Colo. Sept. 9, 2020) report and recommendation adopted, 2020 WL 5422756 (D. Colo. Sept. 9, 2020); see also Williams v. LVNV Funding, LLC, 2014 WL 4066612, at *7 (D. Colo. Aug. 14, 2014) ("A furnisher of credit's duties to verify and correct credit reporting information arise only when the furnisher receives notice of a dispute

3

from a credit reporting agency"). "Failure to perform those duties may expose a furnisher to liability through the FCRA's private cause of action." Beck, 2020 WL 5422756 at *2. Plaintiff must allege that Defendant received notice of a dispute from a credit reporting agency, or the claim must be dismissed. Id.

Here, Defendant, with respect to Plaintiff's mortgage loan, is a furnisher of credit under the FCRA. Plaintiff has not alleged that he disputed the credit reporting at issue with any credit reporting agency ("CRA"), or that such CRA gave notice of the dispute to Defendant. Accordingly, Defendant's duties under FCRA were never triggered and the FCRA claim must be dismissed with prejudice.

Alternatively, a borrower may submit a notice of dispute directly to the furnisher and trigger duties under FCRA. See Collins v. BAC Home Loans Servicing LP, 912 F. Supp. 2d 997, 1010 (D. Colo. 2012) (citing 15 U.S.C. § 1681s–2(a)(8)(D)). However, section 1681s–2(a)(8)(D) sets forth the specific requirements for submitting a notice of dispute to a furnisher, including that it "(i) identifies the specific information that is being disputed; (ii) explains the basis for the dispute; and (iii) includes all supporting documentation required by the furnisher to substantiate the basis of the dispute." Phelps v. Navient Sols., Inc., 2017 WL 2731050, at *3 (E.D. Cal. June 26, 2017); see also 15 U.S.C. § 1681s–2(a)(8)(D). Failure to allege compliance with the requirements of subsection 2(a)(8)(D) will subject a complaint to dismissal for failure to state a claim. See, e.g. Robinette v. Bank of Am., N.A., 2019 WL 4674625, at *2 (E.D.N.Y. Sept. 25, 2019). Here, Plaintiff has not alleged that he provided a notice of dispute to Defendant, or that such a notice complied with the requirements of 15 U.S.C. § 1681s–2(a)(8)(D). Accordingly, any claim under FCRA should be dismissed with prejudice.

WHEREFORE, Defendant Cornerstone Home Lending, Inc. respectfully requests that the Court dismiss Plaintiff's complaint in its entirety for failure to state a claim upon which relief can be granted; and for any other and further relief that is just and proper.

Dated this 18th day of June, 2021.

Respectfully submitted,

HUSCH BLACKWELL LLP

*s/ Jamie H. Steiner*
Jamie H. Steiner
Andrew K. Glenn
1801 Wewatta Street, Suite 1000
Denver, CO 80202
Tel:    303.749.7200
Fax:    303.749.7272
jamie.steiner@huschblackwell.com
andrew.glenn@huschblackwell.com
**Attorneys for Defendant**

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2021, I electronically filed the foregoing **MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system and will serve by U.S. Mail and email on the following:

HassanYawer
4512 N. Quemoy Street
Aurora, CO 80019
Hassanyawer5@gmail.com
***Pro-se Plaintiff***

*s/ Aileen P. Thead*
Legal Support Team Specialist