IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-01593-KLM

HASSAN YAWER,

     Plaintiff,

v.

CORNERSTONE HOME LENDING, INC.,

     Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant Cornerstone Home Lending, Inc.'s

**Motion to Dismiss** [#10][1] (the "Motion to Dismiss") and Plaintiff Hassan Yawer's **Motion**

**for Judgment** [#13] (the "Motion for Judgment").  The Court has reviewed the Motions

[#10, #13], the Responses [#16, #18], Defendant's Reply [#17], the case file, and the

applicable law, and is sufficiently advised in the premises.  For the reasons set forth

below, Defendant's Motion to Dismiss [#10] is **GRANTED**.  Plaintiff's Motion for Judgment

[#13] is **DENIED**, and Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

---

[1] "[#10]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

## I. Background[2]

Plaintiff, proceeding pro se,[3] filed the underlying actions under theories of negligence and violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the "FCRA"). *See Compl.* [#6]. Although Plaintiff did not explicitly assert these claims in his Complaint [#6], such claims were construed in this manner by Defendant and Plaintiff confirmed these claims in subsequent filings. *See Mot. Dismiss* [#10] at 2 ("Based on the facts pleaded, Plaintiff appears to be asserting a claim for common law negligence . . . and violation of the Fair Credit Reporting Act . . . ."); *Mot. for J.* [#13] at 1, 3 (suggesting that the bases for Plaintiff's claims stem from Defendant's alleged negligence and noncompliance with the FCRA); *Resp. Mot. for J.* [#16] at 3 ("In his Motion [#13], Plaintiff confirms that he is bringing suit under the FCRA.").

Specifically, in his Complaint [#6], Plaintiff alleges:

1. Mortage [sic] company neglected to inform myself of a delayed automatic set up for mortage [sic] payements [sic]. For 3 months I was being charged late fees as well as regular payments.
2. Due to payments not being processed, mortage [sic] company reported myself delinquent and dropped my credit score one hundred points.
3. Furthermore, after all payements [sic] where [sic] made and following thirty calender [sic] days mortage [sic] company determined I am at fault and damaged my credit.

---

[2] For the purposes of resolving the Motion [#10], the Court accepts as true all well-pled, as opposed to conclusory, allegations made in Plaintiff's Complaint [#6]. *See Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[3] The Court must construe liberally the filings of a pro se litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). In doing so, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). In addition, a pro se litigant must follow the same procedural rules that govern other litigants. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

*Compl.* [#6] at 3.  The Motion to Dismiss [#10] argues that Defendant owed Plaintiff no legal duty, and that any claim for common law negligence fails as a matter of law.  *Mot. Dismiss* [#10] at 2-3.   Further, Defendant argues that while § 1681s-2 of the FCRA imposes some duties on persons who provide information to credit reporting agencies ("CRAs"), "Plaintiff has not alleged that he followed any of the procedures required to trigger a duty" on behalf of Defendant.  *Id.* at 3.  More specifically, Defendant asserts that "Plaintiff must allege that Defendant received notice of a dispute from a credit reporting agency," and that "Plaintiff has not alleged that he disputed the credit reporting at issue with any credit reporting agency ("CRA"), or that such CRA gave notice of the dispute to Defendant."  *Id.* at 4.

Although Plaintiff did not expressly respond to Defendant's Motion to Dismiss [#10], Plaintiff filed a Motion for Judgment [#13] which requests that the Court grant Plaintiff dispositive relief on his claims and ostensibly responds to arguments in Defendant's Motion regarding the FCRA claim.  *See Mot. for J.* [#13] at 3.   Plaintiff's Motion for Judgment [#13] also attempts to supplement his previous allegations pertaining to the FCRA claim, stating:

> After [Plaintiff] reached out to [Defendant's] customer service agency it was not until the fifth or sixth phone call that the Plaintiff was then informed that automatic payment takes months to kick in and after receiving a letter in the mail in March, after the Plaintiffs [sic] credit score had been damaged as well as being reported delinquent.

The Motion for Judgment [#13] did not respond, however, to Defendant's argument that a common law negligence claim is precluded because Defendant owed Plaintiff no legal duty.

- 3 -

First, the Court addresses the appropriate standard of review.  Second, the Court considers the Motion for Judgment [#13], and finally addresses the Motion to Dismiss [#10].  As to the Motion to Dismiss [#10], the Court considers first whether Plaintiff has pled sufficient factual allegations to state a plausible claim for common law negligence, and second whether Plaintiff has pled sufficient factual allegations to state a plausible claim under § 1681s-2 of the FCRA.

## II.  Standard of Review

### A.  Rule 12(b)(6)

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed. R. Civ. P. 12(b)(6) (stating that a complaint may be dismissed for "failure to state a claim upon which relief can be granted").  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted).  To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." (quoting *Twombly*, 550 U.S. at 570)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (brackets in original; internal quotation marks omitted). To survive a motion to dismiss pursuant to Rule 12(b)(6), the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a factual allegation has been stated, "but it has not show[n] . . . that the pleader is entitled to relief," as required by Fed. R. Civ. P. 8(a). *Iqbal*, 556 U.S. at 679 (second brackets added; citation and internal quotation marks omitted).

**B. Rule 12(c)**

A motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is treated as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000). "Thus, a court should determine whether a plaintiff has stated enough facts in the pleadings to raise a plausible claim for relief." *Aberkains v. Blake*, 633 F. Supp. 2d 1231, 1233 (D. Colo. 2009). "[A]ll the well-pleaded allegations of the complaint are accepted as true and construed in the light most favorable to the plaintiff." *Aspenwood Investment Co. v. Martinez*, 355 F.3d 1256, 1259 (10th Cir. 2004)

### III.  Analysis

**A.  Plaintiff's Motion for Judgment [#13]**

As a preliminary matter, the Court notes that although a pro se litigant's pleadings

are to be construed liberally and held to a less stringent standard than those drafted by

lawyers, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), the Tenth Circuit "has

repeatedly insisted that pro se parties follow the same rules of procedure that govern

other litigants."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir.

2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).  Here, the Motion

for Judgment [#13] is not proper because a motion for judgment on the pleadings may

only be filed "[a]fter the pleadings are closed."  Fed. R. Civ. P. 12(c).  Ordinarily a motion

to dismiss is not a "pleading," *Glenn v. First Nat'l Bank in Grand Junction*, 868 F.2d 368,

370 (10th Cir. 1989), and the pleadings are not closed as Defendant has not filed an

answer.  *See Pace v. Travelers Home and Marine Ins. Co.*, No. 20-cv-01507-NYW, 2020

WL 6393035, at *2 (D. Colo. Nov. 2, 2020) ("'Pleadings are closed within the meaning of

Rule 12(c) if no counter or cross claims are at issue when a complaint and answer have

been filed.'" (citation omitted)).  Accordingly, the Motion for Judgment [#13] is **denied** as

premature.  The Court will consider the Motion for Judgment [#13], however, to the extent

that it can be construed to provide a response to the Motion to Dismiss.[4]

---

[4]  Defendant states that Plaintiff mailed a copy of a response to the Motion to Dismiss [#10] to Defendant which was not filed on the record, and Defendant attaches that response as Exhibit A to its Reply [#17-1].  Because it was not filed on the record in this case, the Court declines to address it.  The Court notes however, that the response neither argues anything different from what is argued in the Motion for Judgment [#13] nor changes the outcome of this case.

**B.      Motion to Dismiss [#10]**

   **1.      Negligence**

The Court first addresses the negligence claim.   Under Colorado law, "[t]he elements of a negligence claim consist of the existence of a legal duty by the defendant to the plaintiff, breach of that duty by the defendant, injury to the plaintiff, and a sufficient causal relationship between the defendant's breach and the plaintiff's injuries." *Donna v. Countrywide Mortg.*, No. 14-cv-03515-CBS, 2015 WL 9456325, at *6 (D. Colo. Dec. 28, 2015) (quoting *Connes v. Molalla Transp. Sys., Inc.*, 831 P.2d 1316, 1320 (Colo. 1992)). "The initial question in any negligence action, therefore, is whether the defendant owed a legal duty to protect the plaintiff against injury." *Countrywide*, 2015 WL 9456325, at *6. Such a question is one "of law to be determined by the court," and "[a] negligence claim will fail if it is predicated on circumstances for which the law imposes no duty of care upon the defendant." *Molalla Transp. Sys.*, 831 P.2d at 1320.

In the absence of special circumstances giving rise to a fiduciary relationship, "the legal relationship between a lending institution and its customer is that of debtor and creditor." *Van Romburgh v. Nationstar Mortg., LLC*, No. 19-cv-01962-DDD-NRN, 2019 WL 12249008, at *6 (Nov. 21, 2019), *report and recommendation adopted sub nom. Romburgh v. Nationstar Mortg., LLC*, No. 1:19-cv-01962-DDD-NRN, 2019 WL 12249009 (D. Colo. Dec. 31, 2019) (quoting *Wells Fargo Realty Advisors Funding, Inc. v. Uioli, Inc.*, 872 P.2d 1359, 1365 (Colo. App. 1994)); *Countrywide*, 2015 WL 9456325, at *6 (quoting same).   Allegations that relate "'only to activities taken in the course of a normal lender-borrower relationship' . . . [do] not create a duty of care." *Van Romburgh*, 2019 WL 12249008, at *6 (quoting *Countrywide*, 2015 WL 9456325, at *6).

In his Complaint [#6], Plaintiff alleges that Defendant (1) is a "mortage [sic] company"; (2) "neglected to inform [Plaintiff] of a delayed automatic set up for mortage [sic] payments"; (3) "reported [Plaintiff] delinquent"; (4) "dropped [Plaintiff's] credit score one hundred points"; (5) "determined [Plaintiff was] at fault"; and (6) "damaged [Plaintiff's] credit." *Id.* at 3. On their face, none of these allegations suggest a deviation from "the course of a normal lender-borrower relationship . . . ." *Van Romburgh*, 2019 WL 12249008, at *6 (quoting *Countrywide*, 2015 WL 9456325, at *6). Further, in his Motion for Judgment [#13], Plaintiff does not rebut or contest Defendant's contention that "Plaintiff's allegations do not allege any activities taken outside the course of a normal lender borrower relationship . . . ." *Mot. Dismiss* [#10] at 3.

Accordingly, Plaintiff has not pled facts from which the Court can find that the law imposed a duty of care on Defendant, and Plaintiff's negligence claim must be **dismissed.**

### 2.    FCRA Violations

Regarding the claim for violations of the FCRA, Defendant asserts that although "[a] generous reading of the Motion [for Judgment] suggests that Plaintiff did dispute the credit reporting with Defendant . . . Plaintiff does not allege that he followed the specific requirements under FCRA to directly dispute the credit reporting with Defendant." *Response* [#16] at 4. Defendant also asserts that "[s]ubmitting a dispute to a furnisher under FCRA requires submitting a notice of dispute which '(i) identifies the specific information that is being disputed; (ii) explains the basis for the dispute; and (iii) includes all supporting documentation required by the furnisher to substantiate the basis of the dispute.'" *Id.* (quoting 15 U.S.C. § 1681s-2(a)(8)(D)).

Turning to the Court's analysis, the FCRA was enacted "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit . . . in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681(b). As such, "[t]he FCRA imposes a duty on persons who provide information to credit reporting agencies ('furnishers') to accurately report information." *Sanders v. Mountain Am. Fed. Credit Union*, 689 F.3d 1138, 1147 (10th Cir. 2012) (citing 15 U.S.C. c 1681s-2(a)). The FCRA accomplishes this by placing "distinct obligations on three types of entities: (1) consumer reporting agencies; (2) users of consumer reports; and (3) furnishers of information to consumer reporting agencies." *Countrywide*, 2015 WL 9456325, at *5 (citation omitted). More specifically, the FCRA

> gives consumers a private right of action against those who violate its provisions, *see* 15 U.S.C. § 1681n (right of action against willful violators); 15 U.S.C. § 1681*o* (right of action against negligent violators), [but] that right of action is limited to claims against the credit reporting agency; it does not extend to furnishers. 15 U.S.C. § 1681s-2(c); *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1059-60 (9th Cir. 2002); *see Pinson v. Equifax Credit Info. Servs., Inc.*, 315 F. App'x 744, 751 (10th Cir. 2009) (unpublished).
>
> . . . While "Congress did not want furnishers of credit information [to be] exposed to suit by any and every consumer dissatisfied with the credit information furnished," Congress allows consumers to enforce the duty of accurate reporting through the FCRA's dispute process. *Nelson*, 282 F.3d at 1060. When the furnisher receives notice of a dispute from the credit reporting agency, it must perform the verification and correction duties described in 15 U.S.C. § 1681s-2(b). *See Pinson*, 316 F. App'x at 751.

*Sanders*, 689 F.3d at 1147.

Importantly, a putative plaintiff must show that he or she initiated the FCRA's dispute process by bringing notice of the dispute to a CRA. *Cf.* Sanders, 689 F.3d at 1147 (holding that the district court properly dismissed FCRA claim because plaintiff did

not notify a CRA about the dispute prior to initiating lawsuit).  Once a CRA obtains notice, the CRA must then notify the furnisher about the dispute so it can take remedial action.  *See Beck v. Am. Honda Fin. Corp.*, No. 19-cv-02712-PAB-MEH, 2020 WL 5422756, at *2 (D. Colo. Sept. 9, 2020) ("If a furnisher receives a notice of a dispute from a credit reporting agency, it must perform certain verification and correction duties." (citations omitted)).

In *Sanders*, the plaintiffs brought a claim under the FCRA arising from a dispute with their credit union.  689 F.3d 1138.  The plaintiffs' complaint alleged that the credit union falsely reported that they had opened twelve new accounts with a total balance of $22,000 to a CRA, and that the plaintiffs were unable to refinance with another lender as a result of the erroneous reporting.  *Id.* at 1147.  The district court dismissed the claim, and the Tenth Circuit affirmed the dismissal.  *Id.*  The Tenth Circuit noted that while the FCRA provides a private right of action against CRAs, that right of action does not extend to furnishers unless the FCRA's dispute resolution process has been exhausted.  *Id.* Because the dispute process begins when a putative plaintiff brings notice to a CRA, *see* 15 U.S.C. § 1681s-2(a)(8)(D), and because the plaintiffs did not allege that they took such action, the plaintiffs were not entitled to bring a claim under § 1681s-2.  *Sanders*, 689 F.3d at 1147.

Similarly, in *Countrywide*, the plaintiff's FCRA claim arose after the defendants allegedly furnished inaccurate credit information to CRAs.  2015 WL 9456325, at *5.  The district court dismissed the claim after finding that the complaint did not allege facts pertaining to the defendants' notification of a credit dispute from a CRA.  *Id.* ("The duties listed in § 1681s-2(b) arise only after the furnisher receives notice of a dispute *from a*

- 10 -

*credit reporting agency*; notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b)." (emphasis added and citation omitted)); *see also Pinson*, 316 F. App'x at 751 (same); *Beck*, 2020 WL 5422756 at *2 (dismissing FCRA claim because "the complaint alleges only that plaintiff told certain [CRAs] that he disputed the information furnished by defendant, not that defendant received a notice of the dispute from those agencies").

In the present case, Plaintiff's Complaint [#6] fails to allege (1) that he took action to initiate the FCRA's dispute process, and (2) that Defendant was notified of a dispute by a CRA. Although Plaintiff alleges, and Defendant concedes, that Plaintiff disputed the credit reporting with Defendant (*see Mot. for J.* [#13] at 2; *Response* [#16] at 3), "[t]he duties listed in § 1681s-2(b) arise only after the furnisher receives notice of a dispute from a credit reporting agency; notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b)." *Countrywide*, 2015 WL 9456325 at *5.

For the reasons stated above, the Court finds that Plaintiff's Complaint [#6] fails to plead sufficient factual allegations to support a plausible claim under § 1681s-2 of the FCRA.

## IV. Conclusion

Based upon the foregoing,

IT IS HEREBY **ORDERED** that Plaintiff's Motion for Judgment [#13] is **DENIED.**

IT IS FURTHER **ORDERED** that the Motion to Dismiss [#10] is **GRANTED**, and the case is **DISMISSED WITHOUT PREJUDICE**. *Gee v. Pacheco*, 627 F.3d 1178,

- 12 -

1186 (10th Cir. 2010) ("[O]rdinarily the dismissal of a *pro se* claim under Rule 12(b)(6) should be without prejudice . . . ." (citation omitted)).

Dated: October 1, 2021

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge